United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID KIPLING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FLEX LTD., et al.,<br><br>    Defendants. | Case No. 18-CV-02706-LHK<br><br>**ORDER VACATING APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL; DIRECTING BRISTOL TO PUBLISH NOTICE OF AMENDED COMPLAINT; DENYING AS MOOT MOTION TO INTERVENE AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 54, 62 |

On May 8, 2018, Plaintiff David Kipling filed a securities class action complaint against Defendant Flex, Ltd. ("Flex") and published notice to potential lead plaintifs. ECF No. 1; ECF No. 55-1. On October 1, 2018, the Court appointed Bristol County Retirement System ("Bristol") as lead plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii). ECF No. 37. On November 28, 2018, Bristol filed an amended complaint against Flex. ECF No. 42. Because Bristol's amended complaint substantially alters the class's allegations against Flex, the Court VACATES its order appointing Bristol as lead plaintiff and ORDERS Bristol to publish notice of its amended complaint to reopen the lead plaintiff

1

appointment process.

Where changes to a securities class action complaint "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice," courts in this district and elsewhere have ordered lead plaintiffs to republish notice under the PSLRA. *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013). Although "courts typically disfavor republication when a complaint is amended," an amended complaint with "substantial alteration of the claims can tilt the balance" in favor of republication. *Id.* (internal quotation marks and citation omitted). Such an approach accords with the PSLRA's purpose of ensuring that absent class members and potential lead plaintiffs are aware of their rights. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 2005 WL 1322721, at *2–3 (S.D.N.Y. Jun. 1, 2005).

For example, in *In re Leapfrog, Inc. Securities Litigation*, the 21-page original complaint "alleged that defendants made rosy statements about [the defendant's] financial outlook." 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005). Then, the 135-page amended complaint "include[d] new allegations about [the defendant's] distribution and supply chain," which the district court concluded "dramatically alter[ed] the contours of the lawsuit" and necessitated republication of notice. *Id.*; *see also Hachem v. Gen. Elec., Inc.*, 2018 WL 1779345, at *1–2 (S.D.N.Y. Apr. 12, 2018) ("reluctantly conclud[ing]" that republication was warranted because the amended complaint included allegations about a new segment of the defendant's business and alleged additional stock drops related to that new segment); *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at *4 (N.D. Cal. Jun. 15, 2015) (declining to reopen lead plaintiff process where the amended complaint "still center[ed] on the same factual scenario" as the original complaint and any new claims and defendants "relate[d] to the same misrepresentations" as those in the original complaint).

Here, Kipling's 17-page original complaint filed on May 8, 2018 framed the "nature of the action" as arising from Flex's April 26, 2018 disclosure that the company "was investigating

2

allegations by an employee that the Company improperly accounted for obligations in a customer contract and certain related reserves." ECF No. 1 ¶ 3. The original complaint alleged that Flex made misleading statements and failed to disclose that Flex's internal financial controls were deficient and that the company had improperly accounted for certain obligations. *Id.* at ¶ 5. Kipling published notice of its complaint on May 8, 2018. ECF No. 55-1.

Bristol's 85-page amended complaint filed on November 28, 2018 focuses on an entirely different factual scenario and set of misrepresentations. The amended complaint states that the action arises from Flex's misrepresentations about the strength of its partnership with key customer Nike. *See* ECF No. 42 ¶¶ 3–20. The May 8, 2018 original complaint never mentioned Nike at all.

However, on October 25, 2018, Flex announced that Flex was "immediately winding down the co-manufacturing operations with Nike because they were not commercially viable." *Id.* at ¶ 18. As a result, Bristol's November 28, 2018 amended complaint alleges that Flex made numerous false statements about the Nike partnership between January 26, 2017 and October 25, 2018. *Id.* at ¶ 20. Kipling's May 8, 2018 original complaint did not allege Flex's misrepresentations regarding the Nike partnership. Moreover, many of the facts about the Nike partnership were not disclosed and the alleged misrepresentations were not made until after Kipling's May 8, 2018 original complaint and PSLRA notice. For example, paragraphs 226 through 251 of Bristol's amended complaint specifically discuss Flex's misrepresentations made between May 16, 2018 and October 25, 2018. ECF No. 42 ¶¶ 226–251. The fact that new facts and alleged misrepresentations relating to Flex's Nike partnership arose in the months after Kipling's original complaint and PSLRA notice and before Bristol's amended complaint only reinforces the degree to which Bristol's amended complaint "dramatically alters" the instant lawsuit to account for those new factual allegations. *In re Leapfrog*, 2005 WL 5327775, at *3.

In addition, Bristol's amended complaint expands the putative class to include shareholders who owned "exchange-traded options" on Flex common stock, ECF No. 42, whereas

3

Kipling's original complaint (and notice) defined the class as only those who purchased "Ordinary Shares" of Flex stock. ECF No. 1 ¶ 1; ECF No. 19-1 (notice). Moreover, Bristol's amended complaint extends the class period by six months. *Compare* ECF No. 1 ¶ 1 (January 26, 2017 through April 26, 2018) *with* ECF No. 42 ¶ 1 (January 26, 2017 to October 25, 2018). Together, Bristol's changes to the amended complaint "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *Kaplan*, 947 F. Supp. 2d at 367.

Therefore, the Court hereby (1) VACATES its order, ECF No. 37, appointing Bristol as lead plaintiff and appointing FDAzar and Thornton Law Firm as lead counsel; and (2) ORDERS Bristol to publish notice of its amended complaint in compliance with the PSLRA by April 12, 2019.

Because the Court will reopen the lead plaintiff process, the Court also DENIES as moot putative intervenor Iron Workers Local 580 Joint Funds' motion to intervene and DENIES as moot Bristol's motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: April 3, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge