United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID KIPLING, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FLEX LTD., et al.,<br><br>    Defendants. | Case No. 18-CV-02706-LHK<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 77 and 78 |

On October 1, 2018, the Court appointed Bristol County Retirement System ("Bristol County") as Lead Plaintiff in this case. ECF No. 37. Following the filing of an amended complaint that added allegations, revised the theory of recovery, and expanded the relevant class period, ECF No. 42, the Court vacated its earlier lead plaintiff selection, ordered the republication of notice, and re-opened the lead plaintiff selection process, ECF No. 74.

On June 4, 2019, two motions for appointment of lead plaintiff were filed. ECF Nos. 77 and 78. Bristol County filed one motion. ECF No. 77. National Elevator Industry Pension Fund ("National Elevator") and Toronto Transit Commission Pension Fund Society ("Toronto Transit") filed a joint motion. ECF No. 78. On June 18, 2019, Defendants filed a statement of non-opposition to either motion for appointment of lead plaintiff. ECF No. 97. That same day, Bristol

1

Case No. 18-CV-02706-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

1  County filed a motion acknowledging that National Elevator and Toronto Transit possess larger
2  financial interests in the relief sought by the class. ECF No. 98 at 2. Bristol County also noted
3  that it does not oppose National Elevator or Toronto Transit serving as Lead Plaintiffs, but was
4  also ready to continue serving as counsel. *Id.* at 2-3.

On September 26, 2019, the Court held a hearing on the motions. Having reviewed the motions for appointment of lead plaintiff and considered the parties' arguments at the hearing, the Court hereby APPOINTS National Elevator as Lead Plaintiff in the above-captioned case. The Court finds that National Elevator satisfies the requirements for lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii). In the interest of efficient representation in the instant case, the Court finds it excessive to appoint two or three Co-Lead Plaintiffs in this single case. *See Melucci v. Corcept Therapeutics Inc.*, Case No. 5:19-cv-01372-LHK, ECF No. 55 (N.D. Cal. July 2, 2019).

National Elevator proposes Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the putative class. *See* ECF No. 78 at 14-15; 15 U.S.C. § 78u-4(a)(3)(B)(v). Having reviewed Labaton Sucharow's submissions and having considered the factors enumerated in Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure, the Court hereby APPOINTS Labaton Sucharow as Lead Plaintiffs' Counsel in the consolidated action. *See In re Cohen v. U.S.*, 586 F.3d 703, 712 (9th Cir. 2009) (holding that "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"). Labaton Sucharow has (1) performed considerable work in identifying potential claims in this action; (2) demonstrated experience handling class actions, including securities class actions; (3) shown adequate knowledge of the applicable law; and (4) established a willingness to commit significant resources to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A).

To ensure efficiency, the Court adopts the following protocols. Other than Labaton Sucharow, no other law firms shall work on this action for the putative class without prior approval of the Court. Motions for approval of additional Plaintiffs' counsel shall identify the additional Plaintiffs' counsel and their background, the specific proposed tasks, and why Labaton Sucharow cannot perform these tasks.

2
Case No. 18-CV-02706-LHK
ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL

1 The Court further orders that any billers who will seek fees in this case, including staff, consultants, and experts, shall maintain contemporaneous billing records of all time spent litigating this case. By "contemporaneous," the Court means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Mr. Michael H. Rogers shall review and approve attorneys' fees and costs each month and strike any duplicative or unreasonable fees and costs.

**IT IS SO ORDERED.**

Dated: September 26, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge